IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTINA COOK,
    Petitioner,

v.   Case No. 4:25cv122/TKW/MAL

WARDEN KERRI PISTRO,
    Respondent.
                                 /

## REPORT AND RECOMMENDATION

Petitioner submitted an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that the Bureau of Prisons has not given her sentencing credits to which she is entitled for having completed the Residential Drug Abuse Program and other programming. ECF No. 6.[1] She complains she has been denied credits because she is a medium recidivism risk, because she does not have 18-36 months clear conduct, and despite a recent reduction in her PATTERN score. She also notes that institutional programming has been limited. *Id.* at 6-7.

On March 31, 2025, the undersigned entered an order directing Petitioner to (1) pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* with supporting documentation and (2) provide two service copies of her amended § 2241

---

[1] The amended petition corrects an omission in the supporting facts in Ground Four language on page 6 and adds as an additional attachment Petitioner's FSA Recidivism Risk Assessment (ECF No. 6 at 22-23). It is otherwise identical to her original submission.

petition or submit $23.00 for the clerk of court to make the copies for her. ECF No. 7. Petitioner was instructed to comply on or before April 30, 2025, and she was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed.

Having received no response from Petitioner, on May 7, 2025, the Court issued an order directing Petitioner to show cause, in writing, by May 21, 2025, why this case should not be dismissed due to her failure to comply with the Court's order regarding payment of the filing fee and the provision of service copies. ECF No. 8. She was again warned that failure to timely respond to the Court's order would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner

has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's amended petition under 28 U.S.C. § 2241, ECF No. 6, be **DISMISSED** without prejudice for her failure to comply with an order of the Court.

2. The clerk be directed to close the case file.

DONE on June 2, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.